UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SEAN FLAT,

        Plaintiff,

    v.

CAPITAL LINK MANAGEMENT, LLC,

        Defendant.

**DECISION AND ORDER**

21-CV-722S

## I.  INTRODUCTION

In this case, Plaintiff Sean Flat seeks an award of attorneys' fees and costs from Defendant Capital Link Management, LLC ("Capital Link"), after the entry of an order of judgment against Capital Link. For the following reasons, Plaintiff's motion will be granted, and he will be awarded $6830.00 in attorneys' fees and $1,038.65 in costs.

## II.  BACKGROUND

Plaintiff commenced this action on June 9, 2021. (Docket No. 1). In his complaint, he alleges that Defendant, a debt collector, sent a text message to his brother, Ryan, asking Ryan to contact Defendant regarding Plaintiff's debt. (Complaint, Docket No. 1, ¶ 10.) When Ryan called Defendant, Defendant informed Ryan that Plaintiff owed it money. (Id., ¶ 11.) Plaintiff then called Defendant and asked it not to discuss his debt with Ryan. (Id., ¶ 12.) Defendant allegedly informed Plaintiff that it was permitted to contact Plaintiff's family and refused to stop contacting Ryan. (Id., ¶¶ 12-14.)

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act by telling his brother about his debt and by not sending him written notice of his debt. (Id., ¶ 20.) After Defendant answered, the parties pursued discovery. On July 13, 2021, Plaintiff

1

filed a motion to strike Defendant's affirmative defenses. (Docket No. 9.) The parties then stipulated that Plaintiff would withdraw his motion to strike and Defendant would file an amended answer. (Docket No. 14.)

The parties engaged in mediation on November 8, 2021. (Docket No. 20.) On November 15, 2021, Plaintiff filed a Notice of Acceptance of Defendant's offer of judgment of $2,001.00 "plus reasonable attorneys' fees and taxable costs incurred in this action." (Docket No. 21 at p. 2.) Before this Court is Plaintiff's motion for attorneys' fees and costs.

### III.  DISCUSSION

Plaintiff initially sought $5,930.00 in attorneys' fees and $1,239.20 in costs. (Docket No. 24 at p. 1.) After Defendant objected to Plaintiff's numbers, Plaintiff filed a reply in which he discounted some items and requested an additional $1,200 in fees for his reply to Defendant's opposition. (Docket No. 26.) This Court finds that the hourly rates requested, the time expended, and costs sought are reasonable, with limited exceptions as noted below, and grants Plaintiff's request with the following modifications.

**A.    Legal Rules**

**1.  Fair Debt Collection Practices Act**

The FDCPA provides for the recovery of reasonable attorneys' fees and costs by successful litigants. See 15 U.S.C. § 1692k (a)(3). In determining a reasonable fee, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." Eades v. Kennedy, PC. Law Offices, 343 F. Supp. 3d 104, 106–07 (W.D.N.Y. 2018) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). A Court has broad discretion to determine whether the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the

reasonableness of both. Hensley, 461 U.S. 424 at 433; Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). In determining the reasonable number of hours that a case requires, the Court "should exclude from [its] initial fee calculation hours that were not reasonably expended due to reasons such as overstaffing, unnecessarily contentious conduct, and unsuccessful claims." Savino v. Computer Credit, 71 F. Supp. 2d 173, 175 (E.D.N.Y. 1999).

In considering the reasonableness of the rate sought, a Court may consider the "complexity and difficulty of the case, the expertise and capacity of counsel, the resources required to effectively prosecute the matter, the timing demands of the case, the attorney's interest in achieving the ends of the litigation, whether the attorney was acting *pro bono*, and other benefits expected by the attorney as a result of the representation." Eades, 343 F. Supp. 3d at 107 (citing Arbor Hill, 522 F.3d 182 at 190).

In addition to attorneys' fees, the FDCPA explicitly permits prevailing parties to recover their costs. See 15 U.S.C. § 1692k (a)(3) (counsel for a prevailing party in an FDCPA action is entitled to "the costs of the action, together with a reasonable attorney's fees as determined by the court."). See also Stanczyk v. City of New York, 752 F.3d 273, 280 (2d Cir. 2014) ("Under normal circumstances, a plaintiff who prevails on a 42 U.S.C. § 1983 claim is entitled to recover costs, including reasonable attorney's fees."); Nicaisse v. Stephens & Michaels Assocs., Inc., No. CV 14-1570 (JS)(GRB), 2016 WL 4367222, at *2 (E.D.N.Y. June 9, 2016), report and recommendation adopted, No. 14-CV-1570(JS)(GRB), 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016).

2. **Rule 68 Offers of Judgment**

Rule 68 states that "[a]t least 14 days before the date set for trial, a party defending

against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68 (a); Barbour v. City of White Plains, 700 F.3d 631, 633 (2d Cir. 2012)

"A valid offer of judgment under Rule 68 always includes all costs (whether or not it so specifies) because Rule 68 authorizes such an offer only with costs then accrued." Van Echaute v. L. Off. of Thomas Landis, Esq., No. 6:09-CV-1071 NAM GHL, 2011 WL 1302195, at *2 (N.D.N.Y. Mar. 31, 2011) (citing Marek v. Chesny, 473 U.S. 1, 6 (1985)). The Supreme Court has made clear that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." Stanczyk, 752 F.3d at 282 (citing Marek, 473 U.S. at 9).

The purpose of Rule 68 is to encourage settlement and avoid litigation. See Marek, 473 U.S. at 5. The rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. Id. This is because, if an offeree refuses an offer, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68 (d). Because the stakes are so high, the rule of construction of Rule 68 offers is that "ambiguities will be construed against the party making the offer." Steiner v. Lewmar, Inc., 816 F.3d 26, 31 (2d Cir. 2016) (citing Sanchez v. Prudential Pizza, Inc., 709 F.3d 689, 692 (7th Cir. 2013) ("[B]ecause the consequences of a Rule 68 offer are so great, the offering defendant bears the burden of any silence or ambiguity concerning attorney fees.").

**B.    Plaintiff is granted attorneys' fees.**

    **1.  Counsel's hourly rate is reasonable.**

Attorney Jonathan Hilton requests a $300 hourly rate. This Court finds that this is a reasonable rate for FDCPA work in this district. See, e.g., Faulkner v. Eastpoint Recovery Grp., Inc., No. 19-CV-1262S, 2020 WL 7711278, at *2–3 (W.D.N.Y. Dec. 29, 2020) ($300 per hour a reasonable rate for experienced FDCPA attorney); Welch v. PDL Recovery Grp., LLC, No. 15-CV-512, 2019 WL 4887595, at *3 (W.D.N.Y. Oct. 3, 2019) (same); Eades v. Kennedy, PC. Law Offices, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (finding a reasonable average rate for partners who worked on a "not unusually complex" FDCPA case to be $300/hour); Godson v. Eltman, Eltman & Cooper, P.C., 11-CV-764-EAW, 2018 WL 5263071 at *16, 2018 U.S. Dist. LEXIS 182034 at *46-*49 (W.D.N.Y. 2018) (granting attorneys' fees in an FDCPA matter of $350-$375/hour for partners and $300/hour for associates in a class action presenting "unique" issues, but noting that reasonable hourly rate for attorneys' fees ranges from about $200 to $300 per hour in Western District of New York).

Defendant argues that this Court should follow the holding of the Eastern District of New York in Rudler v. Houslanger & Assocs., PLLC, where the court declined to award a rate of $375 to a recently-admitted attorney who was a "partner" in a two-attorney firm on a simple FDCPA case. 18-CV-7068-SFJ, 2020 WL 473619, at *5 (E.D.N.Y. Jan. 28, 2020). Defendant emphasizes that the designation as "partner," without more, does not necessarily merit a higher hourly rate. This Court agrees, and looks not at Mr. Hilton's status as a "partner" in his firm, but at his experience successfully litigating over 100 FDCPA cases, including 60 in this District. Based on this experience, and on the usual rates for such work in this District, this Court finds that $300 per hour is a reasonable hourly rate for Mr. Hilton.

### 2. Time expended is overall reasonable.

Mr. Hilton seeks payment for 21.8 hours of attorney time. (Docket No. 23-2 at p. 3.) Defendant objects to the 3.4 hours spent in client contact, the 2.8 hours spent drafting Plaintiff's motion to strike Defendant's affirmative defenses, and the 1 hour preparing for a deposition that never occurred. (Docket No. 25 at p. 6.)

This Court will reduce the hours spent on Plaintiff's motion to strike. The motion to strike was short and did not entail substantial legal research. The time is reduced by one hour. Otherwise, this Court finds that the time expended was reasonable. As Plaintiff argues, spending thirty minutes each month discussing the case, including strategy related to Defendant's subpoena of Plaintiff's brother, was not unreasonable. And given the lack of success of the November 8, 2021, mediation, it appears reasonable that Plaintiff then prepared for a deposition scheduled for the end of November.

Plaintiff's counsel spent 5.6 hours preparing his reply brief. (Docket No. 26-1 at p. 3.) Plaintiff acknowledges that this is high and agrees to a reduction to 4 hours, which this Court considers reasonable. (See id.)

### 3. An across-the-board reduction is not warranted.

Defendant argues that a 25% reduction in total fees is warranted because Plaintiff spent an unreasonable amount of time on this matter. (Docket No. 25 at p. 5.)

Rather than weighing the reasonableness of each individual time entry, a court may exclude excessive and unreasonable hours from a fee request by making an across-the-board reduction in the amount of hours for which compensation is sought. See Kirsch v. Fleet St. Ltd., 148 F.3d 149, 173 (2d Cir. 1998). Here, this Court has performed the requisite line-by-line analysis. After trimming time entries where appropriate, this Court

6

finds the remaining hour calculations to represent a reasonable amount of time and declines to reduce the award by 25% as Defendant requests. Plaintiff is granted $5,630 in fees, plus $1,200 for his time on the reply, for a total of $6,830 in attorneys' fees.

**C.    Plaintiff's costs are recoverable, with minor modification.**

Plaintiff seeks to recover his filing fee, cost of mediation, cost of service, and cost of telephone call transcripts as costs. Defendant opposes, arguing that the Offer specifies that only "taxable costs" can be recovered, and that mediation and service costs are not included in the narrow definition of "taxable costs" found in 28 U.S.C. §1920. Plaintiff in reply argues that these expenses should be considered the kind of "out-of-pocket expenses" typically awarded as attorneys' fees. This Court finds that Plaintiff's costs are recoverable, but for a different reason.

Defendant argues that because the Offer included only "taxable costs," Plaintiff cannot recover his service and mediation fees. 28 U.S.C.§ 1920 defines as taxable costs: clerk and marshal fees; fees for transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for copying; docket fees; and compensation of court-appointed experts and interpreters. 28 U.S.C. §1920.

A valid Rule 68 offer always includes costs. Marek, 473 U.S. at 6–9; accord Barbour, 700 F.3d 634. "[I]f the offer does not state that costs are included and an amount of costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs." Marek, 473 U.S. at 6. And while Rule 68 offers are "contracts to be interpreted according to ordinary contract principles," courts will construe any ambiguities in the Offer against the drafter. Steiner v. Lewmar, Inc., 816 F.3d 26, 31 (2d Cir. 2016)

(Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268, 272 (2d Cir.1992)).

Here, the Offer neither states that costs are included nor specifies an amount for Plaintiff's costs. Rather, it states that "taxable costs" are recoverable. Because both Rule 68 and the FDCPA specify that costs—a broader term than "taxable costs"—are recoverable, this Court finds that the Offer's silence as to costs makes it ambiguous. See Van Echaute, 2011 WL 1302195, at *3 (finding an Offer of Judgment to be ambiguous, because silent, regarding attorneys' fees). Construing the agreement against the offeror, this Court finds that Plaintiff can recover costs, not just taxable costs.

This Court will, however, make one modification to Plaintiff's cost request. This Court questions the need for 43 pages of call transcripts. Plaintiff originally requested $259.70 for 43 pages of transcripts of three telephone calls, at $5.40 per page. (See Docket No. 24 at p. 14, Docket No. 24-13 at p. 4.) Upon Defendant's objection, Plaintiff reduced the rate to $4.55 per page, but argued that even though he only filed 13 pages of call transcripts with his fee motion, he used all 43 pages in preparation for mediation. (Docket No. 26 at p. 12.) But Plaintiff nowhere alleges more calls from Defendant than the three for which he submitted transcripts. (See Docket No. 24 at pp. 1-2.) Plaintiff's argument that 43 pages of call transcripts were "necessary" for this litigation is therefore unconvincing. Plaintiff may recover $59.15 in costs for 13 pages of transcripts at $4.55 per page.

Combining the costs of mediation, service, filing, and transcripts, this Court awards Plaintiff a total of $1,038.65 in costs.

**D.     Defense counsel's unopposed motion to withdraw as counsel will be denied as moot.**

After all briefing was submitted on the instant motion, Defense counsel moved to withdraw as counsel, citing a breakdown in the attorney-client relationship and its client's failure to pay for legal services rendered. (Docket No. 27-1 at p. 1.) Because, upon entry of this order, this case will be fully resolved, this Court denies counsel's motion to withdraw as moot.

## IV.   CONCLUSION

This Court has examined Plaintiff's request for attorneys' fees and found the rates requested and the time expended to be reasonable for this case, after minor modifications. It also finds that Plaintiff should be awarded his costs in this matter. Therefore, Plaintiff's motion will be granted as specified below.

## V.   ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorneys' Fees and Costs (Docket No. 24) is GRANTED.

The Clerk of Court is HEREBY DIRECTED to enter judgment against Defendant in the amount of $7,868.65, comprising $6,830 in attorneys' fees and $1,038.65 in costs.

FURTHER, that Defendant's motion to withdraw as counsel (Docket No. 27) is DENIED AS MOOT.

SO ORDERED.

Dated:      February 15, 2022
            Buffalo, New York

                                    s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge